ANTONIO DeSANTIS, PLAINTIFF-RESPONDENT, v. WILLIAM J. LANGE, TRADING AS WM. J. LANGE CONTRACTING CO., DEFENDANT-APPELLANT.

Submitted May 4, 1948—Decided August 9, 1948.

Before Justices Bodine and Jacobs.

For the plaintiff-respondent, *Alfred M. Cozzi.*

For the defendant-appellant, *Autenrieth & Wortendyke* (*Reynier J. Wortendyke, Jr.,* of counsel).

The opinion of the court was delivered by

Jacobs, J. This is an appeal in a negligence action from a judgment of the Hudson County Court of Common Pleas in favor of the plaintiff-respondent.

On January 20th, 1943, the plaintiff's employer, Corn Products Refining Company, engaged the defendant to transport a 3½ ton lift truck from its plant in Edgewater to its plant in Ridgefield. The defendant dispatched a truck and driver who, after arriving at the Edgewater plant, backed the truck to a loading platform on which the lift truck stood. Thereupon the plaintiff and a fellow employee placed a steel checker plate so that it served as a bridge from the platform to the truck. Although the defendant's driver came equipped with wooden chocks for placement under the wheels of the truck, he did not use them.

The testimony on behalf of the plaintiff indicated that the defendant's driver, having climbed out of his truck, motioned and said to the plaintiff, who was ready to operate the lift truck, that he should come ahead. The plaintiff then proceeded to operate the lift truck in first speed from the platform across the checker plate and on to the defendant's truck. When the front wheels on the lift truck were on the defendant's truck the latter moved, throwing the plaintiff to the ground under the lift machine and severely injuring him. He was taken to a hospital and was treated thereafter by several doctors over a considerable period of time.

In 1944, the plaintiff instituted his action claiming that he had been permanently injured as a result of the defendant's negligence and, in due course, the matter came on for trial before the Hudson County Court of Common Pleas. During the trial there was considerable testimony, in addition to that relating to the happening of the accident, by physicians as to the extent of the plaintiff's injuries. Much of this testimony was devoted to establishing that the accident was the producing cause of the plaintiff's present osteoarthritic condition or spondylitis which disables him from working.

After having denied the defendant's motions for nonsuit and directed verdict, the court submitted the issues of negligence, contributory negligence, and damages to the jury which returned a verdict in favor of the plaintiff. Thereafter, the defendant obtained a rule to show cause why a new trial should not be granted assigning, as one of his reasons, that "the verdict rendered upon the trial of this case resulted from mistake, passion or prejudice on the part of the jury." The trial court discharged the rule to show cause upon the plaintiff's acceptance of a reduction in the amount of his verdict, which has been done.

In support of his appeal the defendant urges that error was committed (1) in rulings on the admission of evidence, (2) in the trial court's charge, and (3) in the denial of the defendant's motions for nonsuit and directed verdict.

## I.

The evidential rulings complained of admitted the following testimony on re-direct examination of physicians testifying on the plaintiff's behalf:

Dr. Maver: "Q. Doctor, can this chronic inflammation or chronic condition of the spine, this spondylitis, be caused by any other condition that you know of beside occupation or a systemic condition, or any other cause? A. It may be caused by injury and show itself as a well-localized spondylitis."

Dr. Kuhlmann: "Q. Doctor, what is the common cause of arthritis coming into active being and the symptoms? A. There are two.

"*Q.* Can trauma cause an aggravation of this osteo-arthritis you are speaking of? *A.* Yes, it can exaggerate it, but not forever."

Considering the other testimony in the case, including his finding that the plaintiff's condition was a generalized rather than a localized spondylitis, Dr. Maver's answer could not have harmed the defendant. Similarly, Dr. Kuhlmann's testimony that there were two common causes, which he later altered to three, consisting of infectious arthritis, degenerative or osteo-arthritis, and arthritis deformans of unknown ideology, could not have prejudiced defendant's contention that the plaintiff's condition was not the result of the accident. Dr. Kuhlmann's further testimony that trauma could cause an aggravation of osteo-arthritis was likewise not prejudicial, particularly since it was cumulative of other evidence and was supplemented by his additional testimony, indicating that plaintiff's condition resulted from the accident. See *Thompson* v. *West Jersey and Seashore Railroad Co. (Supreme Court,* 1928), 6 *N. J. Mis. R.* 300, 301. We are satisfied from our examination of the entire record that none of the foregoing testimony in anywise injuriously affected "the substantial rights" of the defendant and, accordingly, find no ground for reversal without passing on the alleged error in its admission. See *Crager* v. *West Hoboken Transfer and Express Co. (Supreme Court,* 1945), 132 *N. J. L.* 547, 548; *DeFreitas* v. *Metropolitan Life Insurance Co. (Supreme Court,* 1943), 131 *Id.* 5, 8.

## II.

The portion of the court's charge which is complained of is as follows:

"If, however, under the facts as you determine them to be and under the rules of law as I am endeavoring to give them to you, you should decide that the defendant was negligent and that the defendant's negligence was the proximate cause of the injury complained of and you decide to disregard the defendant's defenses of negligence on the part of the plaintiff and contributory negligence on the part of the plaintiff, under

the rules which I have talked to you about, then you have resolved the question of liability in favor of the plaintiff, in which event you must go on to the second main phase of the case, and that is the question of damages."

The appellant contends that by the foregoing language the court improperly authorized the jury to "disregard" his defense of contributory negligence. A reading of the entire charge rather than the quoted excerpt amply discloses that the court directed the jury to consider the defense of contributory negligence and to return a verdict for the defendant if they found that contributory negligence had been established by the evidence. Indeed, when counsel excepted to the use of the word "disregard" the trial court gave further instructions to the jury which directed that they consider the defense, of contributory negligence and determine the issue of damages only if they first concluded that the defendant had been negligent and that the plaintiff had not been contributorily negligent. Under these circumstances, it is clear that the defendant suffered no harm from the inadvertent use of the word "disregard" in the court's original charge. See *Lenz* v. *Public Service Railway Co.* (*Court of Errors and Appeals*, 1923), 98 *N. J. L.* 849, 852; *Niles* v. *Phillips Express Co.* (*Court of Errors and Appeals,* 1937), 118 *Id.* 455, 462; *Middleton* v. *Public Service Co-ordinated Transport* (*Court of Errors and Appeals,* 1944), 131 *Id.* 322.

## III.

The final contention is that the trial court committed error in denying the defendant's motions for nonsuit and directed verdict because there was not sufficient evidence of negligence to warrant submission of the case to the jury. The plaintiff's evidence relating to the failure to place wooden chocks under the wheels of the truck was, under the prevailing circumstances, sufficient to justify the denial of the nonsuit although that particular issue is not now before us in the light of the additional testimony in the record supporting the allegation of defendant's negligence, which was presented on the defendant's case and amply justified the refusal to direct. a ver-

dict. See *Beck* v. *Monmouth Lumber Co. (Court of Errors and Appeals,* 1948), 137 *N. J. L.* 268, 271; *Rein* v. *The Travelers Insurance Co. (Court of Errors and Appeals,* 1940), 124 *Id.* 554, 557. Furthermore, in view of the reasons assigned by the defendant on the rule to show cause, discharged by the trial court, the defendant is in no position to urge here that there should have been a nonsuit or directed verdict because of the alleged insufficiency of the evidence on the issue of negligence. See *Hartley* v. *Newark Morning Ledger Co. (Court of Errors and Appeals,* 1946), 134 *Id.* 217, 223; *Dombroski* v. *Metropolitan Life Insurance Co. (Court of Errors and Appeals,* 1941), 126 *Id.* 545, 546.

The judgment of the court below is affirmed.